UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY

| | | |
|---|---|---|
| DEREK MORTLAND, | ) | CASE NO.: _3:25-CV-7-DJH_____ |
| | ) | |
| Plaintiff, | ) | JUDGE _____ |
| | ) | |
| vs. | ) | **COMPLAINT FOR INJUNCTIVE** |
| | ) | **RELIEF AND DAMAGES:** |
| | ) | |
| SACHI LLC, | ) | **1ST CAUSE OF ACTION:** For Denial of |
| | ) | Access by a Public Accommodation in |
| Defendant. | ) | Violation of the Americans with Disability |
| | ) | Act of 1990 ("Title III" and "ADA"), |
| | ) | 42 U.S.C. §§ 12181 *et seq.* |
| | ) | |
| | ) | **2ND CAUSE OF ACTION:** For Denial of |
| | ) | Access by a Public Accommodation in |
| | ) | Violation of the Kentucky Civil Rights |
| | ) | Act, KRS 344, *et seq.* |
| | ) | |
| | ) | **3RD CAUSE OF ACTION:** For Violations |
| | ) | of the Kentucky Consumer Protection Act. |

Plaintiff Derek Mortland complains of Defendant Sachi LLC and alleges as follows:

**INTRODUCTION:**

1.      This is a civil rights action for discrimination against persons with physical

disabilities, of which plaintiff is a member of, for failure to remove architectural barriers

structural in nature at Defendant's property, a place of public accommodation, thereby

discriminatorily denying plaintiff access to, the full and equal enjoyment of, opportunity to

participate in, and benefit from, the goods, facilities, services, and accommodations thereof.

Plaintiff seeks injunctive relief and damages pursuant to the Americans with Disability Act of

1990 ("title III" AND "ADA"), 42. U.S.C. §§ 12181 *et seq.*, the Kentucky Civil Rights Act, KRS

344, *et seq.*, and the Kentucky Consumer Protection Act.

2.      Plaintiff Derek Mortland is a person with physical disabilities who, on or about

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES - 1

June 10, 2024, through June 11, 2024, was an invitee, guest, patron, or customer at Defendant's

property, which houses the La Quinta Inn & Suites by Wyndham Louisville NE/Old Henry Rd

hotel, located at 13825 Terra View Trail, Louisville, KY 40245. At said time and place,

Defendant failed to provide proper legal access to the property, which is a public accommodation

and/or public facility. The denial of access was in violation of both federal and Kentucky legal

requirements, and Mr. Mortland suffered violations of his civil rights to full and equal access and

was embarrassed and humiliated.

**JURISDICTION AND VENUE:**

3.     **Jurisdiction**: This Court has jurisdiction of this action pursuant to 28 U.S.C.

§1331 for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, et seq.

Pursuant to pendant jurisdiction, attendant and related causes of action, arising from the same

nucleus of operative facts and arising out of the same transactions, are also brought under

parallel Kentucky law, whose goals are closely tied with the ADA, including but not limited to

violations of the Kentucky Civil Rights Act, KRS 344, *et seq.*

4.     **Venue**: Venue is proper in this court pursuant to 28 U.S.C. §1391(b) and is

founded on the facts that the real property which is the subject of this action is located in this

district, in the City of Louisville, County of Jefferson, State of Kentucky and that plaintiffs'

causes of action arose in this district.

**PARTIES:**

5.     Plaintiff Derek Mortland is a "physically handicapped person," a "physically

disabled person," and a "person with physical disabilities." (Hereinafter the terms "physically

disabled," "physically handicapped" and "person with physical disabilities" are used

interchangeably, as these words have similar or identical common usage and legal meaning.) Mr.

Mortland is a "person with physical disabilities," as defined by all applicable Kentucky and United States laws. Mr. Mortland requires the use of a wheelchair to travel about in public. Consequently, Mr. Mortland is a member of that portion of the public whose rights are protected by the ADA and the Kentucky Civil Rights Act.

6.    Defendant Sachi LLC, a Kentucky limited liability company, is the owner and operator, lessor and/or lessee, or agent of the owner, lessor and/or lessee, of the building and/or buildings which constitute a public facility in and of itself, occupied by the La Quinta Inn & Suites by Wyndham Louisville NE/Old Henry Rd hotel, a public accommodation, located at/near 13825 Terra View Trail, Louisville, KY 40245, and subject to the requirements of Kentucky state law requiring full and equal access to public facilities pursuant to the Kentucky Civil Rights Act, KRS 344, *et seq.*, and subject to the Americans with Disability Act of 1990 ("TITLE III" AND "ADA"), 42. U.S.C. §§ 12181 *et seq.*, and to all other legal requirements referred to in this complaint.

7.    At all times relevant to this complaint, Defendant is the lessee, or agent of the lessee, and/or lessor, of said premises, and owns and operates the subject La Quinta Inn & Suites by Wyndham Louisville NE/Old Henry Rd hotel as a public facility at/near 13825 Terra View Trail, Louisville, KY 40245. The business, the La Quinta Inn & Suites by Wyndham Louisville NE/Old Henry Rd hotel, is open to the general public and conducts business therein. The business operating on said premises is a public accommodation subject to the requirements of the Kentucky Civil Rights Act, KRS 344, *et seq.*

8.    At all times relevant to this complaint, Defendant is the landlords/lessors, tenants/lessees and the owners and operators of the subject hotel, a public accommodation located at/near 554 Corvette Drive, Building A, Bowling Green, KY 42101. As such, Defendant

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES - 3

is jointly and severally responsible to identify and remove architectural barriers pursuant to Code of Federal Regulations section 36.201(b), which states in pertinent part:

§ 36.201        General

(b) Landlord and tenant responsibilities. Both the landlord who owns the building that houses a place of public accommodation and the tenant who owns or operates the place of public accommodation are public accommodations subject to the requirements of this part. As between the parties, allocation of responsibility for complying with the obligations of this part may be determined by lease or other contract.

CFR §36.201(b)

9.    Plaintiff does not know the true names of Defendant, its business capacities, its ownership connection to the property and business, nor their relative responsibilities in causing the access violations herein complained of. Plaintiff is informed and believes that the Defendant herein is a public accommodation, and is the agent, ostensible agent, master, servant, employer, employee, representative, franchisor, franchisee, partner, and associate, or such similar capacity, of each of the other defendants, if any, and was at all times acting and performing, or failing to act or perform, within the course and scope of his, her or its authority as agent, ostensible agent, master, servant, employer, employee, representative, franchiser, franchisee, partner, and associate, or such similar capacity, and with the authorization, consent, permission or ratification of each of the other defendants, and is responsible in some manner for the acts and omissions of the other defendants in legally causing the violations and damages complained of herein, and have approved or ratified each of the acts or omissions of each other defendant, as herein described.

**PRELIMINARY FACTUAL ALLEGATIONS:**

10. Defendant is the entity that is a public accommodation that owns, leases (or

leases to), or operates, the La Quinta Inn & Suites by Wyndham Louisville NE/Old Henry Rd hotel, located at 13825 Terra View Trail, Louisville, KY 40245. Defendant's La Quinta Inn & Suites by Wyndham Louisville NE/Old Henry Rd hotel and each of its facilities are places "of public accommodation" subject to the requirements of the Americans with Disability Act of 1990 ("TITLE III" AND "ADA"), 42. U.S.C. §§ 12181 *et seq.*, and the Kentucky Civil Rights Act, KRS 344, *et seq.* On information and belief, said facility has undergone "alterations, structural repairs and additions," each of which has subjected the La Quinta Inn & Suites by Wyndham Louisville NE/Old Henry Rd hotel to handicapped access requirements.

11. Plaintiff Derek Mortland is a person with a disability. Mr. Mortland is a "physically disabled person," as defined by all applicable Kentucky and United States laws. Mr. Mortland is paralyzed and requires the use of a wheelchair for mobility and to travel in public.

12. At all times referred to herein and continuing to the present time, Defendant advertised, publicized and held out the La Quinta Inn & Suites by Wyndham Louisville NE/Old Henry Rd hotel as being handicapped accessible and handicapped usable.

13. For example, on its website, the La Quinta Inn & Suites by Wyndham Louisville NE/Old Henry Rd hotel advertised that the hotel had the following accessible amenities:

    a.  Accessible Public Entrance;

    b.  Accessible Route to Accessible Guestrooms;

    c.  Accessible Route to Accessible Parking;

    d.  Accessible van parking;

    e.  Service Animals Welcome; and

    f.  Wheelchair Accessible Elevators.

14. Furthermore, on its website, the La Quinta Inn & Suites by Wyndham Louisville NE/Old Henry Rd hotel advertised that its accessible guestrooms had the following accessible amenities:

a. Accessible Bathroom;

b. Adjustable Height Hand-Held Shower Wand;

c. Closed caption TV (Available);

d. Flashing Door Knocker;

e. Hearing Impaired Services Available;

f. Roll-In Shower; and

g. Vibrating Alarm (available upon request).

15. On or about June 10, 2024, through June 11, 2024, relying on the hotel's advertising, Mr. Mortland purchased a one-night stay for the purpose of obtaining lodging, in one of the hotel's mobility accessible guestrooms, paying $158.87.

16. Upon his arrival, during his patronizing of the public accommodation, and upon his exit of the facility, Mr. Mortland personally encountered architectural barriers which discriminated against him and denied him the full and equal access to the property.

17. At said time and place, Mr. Mortland, who is a person with disabilities, encountered the following inaccessible elements of the subject La Quinta Inn & Suites by Wyndham Louisville NE/Old Henry Rd hotel which constituted architectural barriers and a denial of the proper and legally required access to a public accommodation to persons with physical disabilities. *By way of example and not as an exhaustive inventory of Defendant's violations*, the following barriers to access were personally encountered by Mr. Mortland:

a. At the front parking lot, in the left-most accessible space, the required parking signage is missing in violation of 2010 ADAS Section 502.6. As the parking sign was missing, Mr. Mortland, who requires an accessible parking space, missed the opportunity to park in that accessible space upon arrival.

b. At the front parking lot, in the left-most accessible space, the van stall is missing a sign identifying it as a van accessible stall in violation of 2010 ADAS Section 502.6.

c. At the front parking lot, in the left-most accessible space, the running slope is 5.4% in violation of 2010 ADAS Section 502.4.

d. At the front parking, in the left-most access aisle, the running slope is 4.7% in violation of 2010 ADAS Section 502.4. This excessive running slope caused great difficulty for Mr. Mortland when entering and existing his vehicle and traversing the accessible route.

e. At the front parking, in the right most accessible parking stall, the running slope is 5.9% in violation of 2010 ADAS Section 502.4.

f. At the front parking, in the right most access aisle, the running slope is 5.9% in violation of 2010 ADAS Section 502.4.

g. At the exterior main entrance, the cross slope of the access aisle serving the pull-up space and the passenger loading zone is 6.3% in violation of 2010 ADAS Section 503.4 and 503.4 Exception. This excessive cross slope caused great difficulty for Mr. Mortland when entering and exiting the hotel and traversing the accessible route.

h. At the side parking, the landing of the ramp has a slope in excess of 2% in violation of 2010 ADAS Section 406.4 and 406.4 Exception.

i. In guestroom 223, the entry door exceeds the maximum allowable opening force of 5 pounds in violation of 2010 ADAS Section 404.2.9. This excessive door opening

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES - 7

pressure made it difficult for Mr. Mortland to open his guestroom door while moving his wheelchair in and out of the room.

j.  In guestroom 223, the maneuvering clearance on the pull side of the entry door extends less than 18" beyond the latch side of the door in violation of 2010 ADAS Section 404.2.4.1. This lack of latch-side clearance made it difficult for Mr. Mortland to exit his guestroom as there was not enough clearance to open the entry door without striking his wheelchair.

k.  In guestroom 223, the door operating hardware exceeds maximum height requirements in violation of 2010 ADAS Section 404.2.7. Because the door operating hardware was approximately 54" high, Mr. Mortland was forced to strain his arms and shoulders by reaching higher than usual to operate the hardware.

l.  In guestroom 223, the sign providing directional and information has font that is noncompliant in violation of 2010 ADAS Section 216.3.

m.  In guestroom 223, the water and drainpipes under the lavatory are not adequately insulated in violation of 2010 ADAS Section 606.5. This inadequate insulation prevented Mr. Mortland from pulling under the sink with his wheelchair to comfortably use the lavatory without risking burning himself on the hot water pipe.

n.  In guestroom 223, the towel bar is out of the maximum allowable reach range for a side approach in violation of 2010 ADAS Section 308.3.1. Because the towel bar was approximately 60" high, Mr. Mortland was forced to strain his arms and shoulders by reaching higher than usual to obtain the guestroom's towels.

o.  In guestroom 223, the bathtub has not been provided with a hand-held spray unit with a 59" hose in violation of 2010 ADAS Section 607.6. As Mr. Mortland cannot stand to

adjust the position of the shower head or method of the water-flow, he was unable to comfortably shower.

p.  In guestroom 223, the bathtub controls are not located on the end wall between the rim and the grab bar on the open side of the bathtub and its centerline in violation of 2010 ADAS Section 607.5. Due to the bathtub controls being positioned incorrectly, Mr. Mortland had difficulty with turning the bathtub water on and off; he was forced to reach and strain further than usual to use the controls.

q.  In guestroom 223, the bathtub does not have an in-tub seat or a permanent seat at the head end of the tub as required in violation of 2010 ADAS Section 607.3. Due to there not being a seat for his use, Mr. Mortland was forced to climb over the bathtub and position his body inside the bathtub to use the shower. This action caused him to strain his shoulders, hands, wrists, back, and neck, causing him much discomfort and pain.

r.  In guestroom 223, the coat hook is not mounted within the required range in violation of 2010 ADAS Section 603.4. As the coat hook was too high, Mr. Mortland was unable to use the coat hook.

s.  In guestroom 223, the width of the toilet room is too narrow in violation of 2010 ADAS Section 604.3.1. Because the bathroom door swings into the clear floor space, Mr. Mortland did not have enough clearance to comfortably use the guestroom's bathroom with his wheelchair.

t.  In guestroom 223, the drape wands are out of the maximum allowable reach range for a side approach in violation of 2010 ADAS Section 308.3.1. Here, Mr. Mortland was unable to safely reach the drape wands, making it difficult to open and close the guestroom's blinds.

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES - 9

u.  In guestroom 223, the drape wands are not accessible because they require tight grasping, pinching or twisting of the wrist in violation of 2010 ADAS Section 309.4.

v.  In guestroom 223, the hangers are above 48" and the bench obstructs the knee clearance for making an approach in violation of 2010 ADAS Section 306.3.3. Here, Mr. Mortland was unable to use the guestroom's hangers and closet area.

w.  In the unisex public restroom, the hallway door to the restroom exceeds the maximum allowable opening force in violation of 2010 ADAS Section 404.2.9. Here, the excessive door opening pressure made it difficult for Mr. Mortland to open the restroom door while moving his wheelchair in and out of the room.

x.  In the men's public restroom, the door to the restroom exceeds the maximum allowable opening force in violation of 2010 ADAS Section 404.2.9. Here, the excessive door opening pressure made it difficult for Mr. Mortland to open his guestroom door while moving his wheelchair in and out of the room.

y.  In the men's public restroom, the knee clearance of the lavatory is less than 8" minimum deep in violation of 2010 ADAS Section 306.3.3. Here, the lack of knee clearance prevented Mr. Mortland from pulling under the lavatory to comfortably use the sink.

z.  In the men's restroom, the maneuvering clearance at the door is obstructed by the trashcan in violation of 2010 ADAS Section 404.2.4.1. Here, the positioning of the trashcan caused Mr. Mortland to be unable to safely pull the bathroom entry door open and maneuver his wheelchair out of the bathroom.

aa. In the men's restroom, the clear floor space around the toilet is obstructed by a loose and wrinkled up mat in violation of 2010 ADAS Section 604.3.2.

bb. In the men's public restroom, the side grab bar does not extend far enough from the rear

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES - 10

wall in violation of 2010 ADAS Section 604.5.1.

cc. In the men's public restroom, the toilet paper is not installed within the compliant range in violation of 2010 ADAS Section 604.7. Here, the positioning of the toilet paper made it difficult for Mr. Mortland to reach the amenity for his use.

dd. In the fitness room, the door exceeds the maximum allowable opening force in violation of 2010 ADAS Section 404.2.9. Here, the excessive door opening pressure made it difficult for Mr. Mortland to open the fitness room door while moving his wheelchair in and out of the room.

ee. In the fitness room, the paper towel dispenser is out of the maximum allowable reach range for a side approach in violation of 2010 ADAS Section 308.3.1. Here, because the paper towel dispenser was approximately 53" high, Mr. Mortland was forced to strain his arms and shoulders by reaching higher than usual to operate the hardware.

ff. In the fitness room, the paper towel dispenser is not accessible because it requires tight grasping, pinching or twisting of the wrist in violation of 2010 ADAS Section 309.4.

gg. At the bar, there are no accessible dining surfaces in violation of 2010 ADAS Section 226.1. Here, due to the lack of lowered accessible seating at the bar, Mr. Mortland was unable to sit at the bar, therefore being excluded from enjoying the amenity.

hh. At the business station, the work surface is not within the allowable range in violation of 2010 ADAS Section 902.3.

ii. Upon information and relief, the other mobility accessible guest rooms are inaccessible to the mobility-disabled in violation of 2010 ADAS Section 224.2.

jj. Upon information and belief, the accessible guestrooms are not dispersed among the various classes of sleeping accommodations in violation of 2010 ADAS Section 224.5.

kk. Upon information and belief, the vanity counter top spaces provided is not comparable to non-accessible rooms in violation of 2010 ADAS Section 806.2.4.1.

ll. On personal knowledge, information and belief, other public facilities and elements too numerous to list were improperly inaccessible for use by persons with physical disabilities.

18. At all times stated herein, the existence of architectural barriers at Defendant's place of public accommodation evidenced "actual notice" of Defendant's intent not to comply with the Americans with Disability Act of 1990 ("TITLE III" AND "ADA"), 42. U.S.C. §§ 12181 *et seq.*, and the Kentucky Civil Rights Act, KRS 344, *et seq.*, either then, now or in the future.

19. As a legal result of Defendant's failure to act as a reasonable and prudent public accommodation in identifying, removing or creating architectural barriers, policies, practices and procedures that denied access to plaintiff and other persons with disabilities, plaintiff suffered damages as alleged herein.

20. As a further legal result of the actions and failure to act of Defendant, and as a legal result of the failure to provide proper handicapped-accessible public facilities as set forth herein, Mr. Mortland was denied his civil rights to full and equal access to public facilities. Mr. Mortland suffered a loss of his civil rights and his rights as a person with physical disabilities to full and equal access to public facilities, and further suffered from personal injury, shame, humiliation, embarrassment, anger, disappointment and worry, expectedly and naturally associated with a person with physical disabilities being denied access, all to his damages as prayed hereinafter in an amount within the jurisdiction of this court.

21. On information and belief, construction alterations carried out by Defendant have triggered access requirements under Americans with Disability Act of 1990 ("TITLE III" AND

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES - 12

"ADA"), 42. U.S.C. §§ 12181 *et seq.*, and the Kentucky Civil Rights Act, KRS 344, *et seq.*

22. Mr. Mortland, as described herein below, seeks injunctive relief to require the La Quinta Inn & Suites by Wyndham Louisville NE/Old Henry Rd hotel to be made accessible to meet the requirements of both Kentucky law and the Americans with Disabilities Act, whichever is more restrictive, so long as Defendant operates and/or leases the La Quinta Inn & Suites by Wyndham Louisville NE/Old Henry Rd hotel as a public facility. Plaintiff seeks damages for violation of his civil rights, from the date of his visit until such date as Defendant brings the establishment into full compliance with the requirements of Kentucky and federal law.

23. On information and belief, Defendant has been negligent in its affirmative duty to identify the architectural barriers complained of herein and negligent in the removal of some or all of said barriers.

24. Because of Defendant's violations, Mr. Mortland and other persons with physical disabilities are unable to use public facilities such as those owned and operated by Defendant on a "full and equal" basis unless such facility is in compliance with the provisions of the Americans with Disabilities Act and other accessibility law as plead herein. Plaintiff seeks an order from this court compelling Defendant to make the La Quinta Inn & Suites by Wyndham Louisville NE/Old Henry Rd hotel accessible to persons with disabilities.

25. Plaintiff is informed and believes and therefore alleges that Defendant caused the subject property to be constructed, altered and/or maintained in such a manner that persons with physical disabilities were denied full and equal access to, within and throughout said facility of the La Quinta Inn & Suites by Wyndham Louisville NE/Old Henry Rd hotel and were denied full and equal use of said public facility. Further, on information and belief, Defendant has continued to maintain and operate said facility in such conditions up to the present time, despite actual and

constructive notice to such Defendant that the configuration of the establishment and/or its building(s) are in violation of the civil rights of persons with physical disabilities, such as plaintiff and the disability community. Such construction, modification, ownership, operation, maintenance and practices of such public facilities are in violation of law as stated in Americans with Disability Act of 1990 ("TITLE III" AND "ADA"), 42. U.S.C. §§ 12181 *et seq.* and elsewhere in the laws of Kentucky.

26. On information and belief, the subject public facility of the La Quinta Inn & Suites by Wyndham Louisville NE/Old Henry Rd hotel denied full and equal access to plaintiff and other persons with physical disabilities in other respects due to noncompliance with requirements of the Kentucky Civil Rights Act, KRS 344, *et seq.*

27. On personal knowledge, information and belief, the basis of Defendant's actual and constructive notice that the physical configuration of the facilities including, but not limited to, architectural barriers constituting the La Quinta Inn & Suites by Wyndham Louisville NE/Old Henry Rd hotel was in violation of the civil rights of persons with physical disabilities, such as plaintiff, includes, but is not limited to, communications with invitees and guests, owners of other establishments and businesses, notices Defendant obtained from governmental agencies upon modification, improvement, or substantial repair of the subject premises and other properties owned by the Defendant, newspaper articles and trade publications regarding the Americans with Disabilities Act and other access laws, public service announcements, and other similar information. Defendant's failure, under state and federal law, to make the establishment accessible is further evidence of Defendant's conscious disregard for the rights of plaintiff and other similarly situated persons with disabilities. The scope and means of the knowledge of Defendant are within Defendant's exclusive control and cannot be ascertained except through

discovery.

28.     Plaintiff will return to the subject La Quinta Inn & Suites by Wyndham Louisville NE/Old Henry Rd hotel to patronize the facility, if it is made fully accessible to a disabled person in a wheelchair, and to also avail himself of the hotel's services.

27.     Should the La Quinta Inn & Suites by Wyndham Louisville NE/Old Henry Rd hotel become accessible, Mr. Mortland will visit it again because he frequently travels through and stays in the Louisville, KY area while traveling to various racing events at the National Corvette Museum Motorsports Park in Bowling Green, KY, as well as visiting other local attractions, during Spring, Summer, and Fall 2025.

28.     Furthermore, plaintiff intends to return to the La Quinta Inn & Suites by Wyndham Louisville NE/Old Henry Rd hotel on an annual basis beginning in 2025, to ascertain whether Defendant removed the barriers to access which are the subject of this litigation.

## I.    FIRST CAUSE OF ACTION FOR DENIAL OF ACCESS BY A PUBLIC ACCOMMODATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990 (42 U.S.C. §12101, *et seq.*)

29.     Plaintiff pleads and incorporates by reference, as if fully set forth again herein, the allegations contained in paragraphs 1 through 28 of this complaint.

30.     Pursuant to law, in 1990, the United States Congress made findings per 42 U.S.C. §12101 regarding persons with physical disabilities, finding that laws were needed to more fully protect:

> some 43 million Americans with one or more physical or mental disabilities; [that] historically society has tended to isolate and segregate individuals with disabilities; [that] such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem; [that] the nation's proper goals regarding individuals with disabilities are to assure equality of opportunity, full participation, independent living and economic self-sufficiency for such individuals; [and that] the continuing

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES - 15

existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous.

31. Congress stated as its purpose in passing the Americans with Disabilities Act of 1990 (42 U.S.C. §12102):

It is the purpose of this act (1) to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities; (2) to provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; (3) to ensure that the Federal government plays a central role in enforcing the standards established in this act on behalf of individuals with disabilities; and (4) to invoke the sweep of Congressional authority, including the power to enforce the 14th Amendment and to regulate commerce, in order to address the major areas of discrimination faced day to day by people with disabilities.

32.    As part of the Americans with Disabilities Act of 1990, (hereinafter the "ADA"), Congress passed "Title III - Public Accommodations and Services Operated by Private Entities" (Section 301 42 U.S.C. §12181, *et seq*.). Among the public accommodations identified for purposes of this title was:

(7) PUBLIC ACCOMMODATION - The following private entities are considered public accommodations for purposes of this title, if the operations of such entities affect commerce -
. . .
(A) an inn, hotel, motel, or other place of lodging ***;

42  U.S.C. §12181(7)(A).

33. Pursuant to §302, 42 U.S.C. §12182, "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases, or leases to, or operates a place of public accommodation."

34. The specific prohibitions against discrimination set forth in §302(b)(2)(a),

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES - 16

42 U.S.C. §12182(b)(2)(a) are:

> (i) the imposition or application of eligibility criteria that screen out or tend to screen out an individual with a disability or any class of individuals with disabilities from fully and equally enjoying any goods, services, facilities, privileges, advantages, or accommodations, unless such criteria can be shown to be necessary for the provision of the goods, services, facilities, privileges, advantages, or accommodations being offered;

> (ii) a failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages, or accommodations;

> (iii) a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, unless the entity can demonstrate that taking such steps would fundamentally alter the nature of the good, service, facility, privilege, advantage, or accommodation being offered or would result in an undue burden;

> (iv) a failure to remove architectural barriers, and communication barriers that are structural in nature, in existing facilities . . . where such removal is readily achievable; and

> (v) where an entity can demonstrate that the removal of a barrier under clause (iv) is not readily achievable, a failure to make such goods, services, facilities, privileges, advantages or accommodations available through alternative methods if such methods are readily achievable.

35.   The acts of Defendant set forth herein were a violation of plaintiff's rights under the ADA, 42. U.S.C. §§ 12181 *et seq.*, and the Kentucky Civil Rights Act, KRS 344, *et seq.*, making available damage remedies.

36. The removal of the barriers complained of by plaintiff as hereinabove alleged was at all times after January 26, 1992 "readily achievable" as to the subject La Quinta Inn &

Suites by Wyndham Louisville NE/Old Henry Rd hotel pursuant to 42 U.S.C. §12182 (b)(2)(A)(i)-(iv). On information and belief, if the removal of all the barriers complained of herein together was not "readily achievable," the removal of each individual barrier complained of herein was "readily achievable." On information and belief, Defendant's failure to remove said barriers was likewise due to discriminatory practices, procedures and eligibility criteria, as defined by §302(b)(2)(a)(i)-(iii); 42 U.S.C. §12182 (b)(2)(A)(i).

37. Per §301(9), 42 U.S.C. §12181 (9), the term "readily achievable" means "easily accomplishable and able to be carried out without much difficulty or expense." The statute defines relative "expense" in part in relation to the total financial resources of the entities involved. Plaintiff alleges that properly repairing, modifying, or altering each of the items that plaintiff complains of herein were and are "readily achievable" by the Defendant under the standards set forth under §301(9) of the Americans with Disabilities Act. Further, if it was not "readily achievable" for Defendant to remove each of such barriers, Defendant has failed to make the required services available through alternative methods which were readily achievable.

38. On information and belief, construction work on, and modifications of, the subject La Quinta Inn & Suites by Wyndham Louisville NE/Old Henry Rd hotel occurred after the compliance date for the Americans with Disabilities Act, January 26, 1992, independently triggering access requirements under Title III of the ADA. Upon information and belief, the subject La Quinta Inn & Suites by Wyndham Louisville NE/Old Henry Rd hotel was constructed in or around the year 2019.

39. Pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §12188, *et seq*., §308, plaintiff is entitled to the remedies and procedures set forth in §204(a) of the Civil Rights Act of 1964, 42 U.S.C. 2000(a)-3(a), as plaintiff is being subjected to discrimination on

the basis of disability in violation of this title or has reasonable grounds for believing that he

is about to be subjected to discrimination in violation of §302. Plaintiff cannot return to or make

use of the public facilities complained of herein so long as the premises and Defendant's policies

bar full and equal use by persons with physical disabilities.

40. Per §308(a)(1) (42 U.S.C. 12188), "Nothing in this section shall require a person

with a disability to engage in a futile gesture if such person has actual notice that a person or

organization covered by this title does not intend to comply with its provisions." Pursuant to this

last section, plaintiff has not returned to Defendant's premises since on or about June 10, 2024,

through June 11, 2024, but alleges that Defendant has continued to violate the law and deny the

rights of plaintiff and of other persons with physical disabilities to access this public

accommodation. Pursuant to §308(a)(2), "In cases of violations of §302(b)(2)(A)(iv) . . .

injunctive relief shall include an order to alter facilities to make such facilities readily accessible

to and usable by individuals with disabilities to the extent required by this title."

41. Plaintiff seeks relief pursuant to remedies set forth in §204(a) of the Civil Rights

Act of 1964 (42 U.S.C. 2000(a)-3(a)), and pursuant to federal regulations adopted to implement

the Americans with Disabilities Act of 1990, including but not limited to an order granting

injunctive relief and attorneys' fees. Plaintiff will seek attorneys' fees conditioned upon being

deemed to be the prevailing party.

42. Plaintiff seeks damages pursuant to the Kentucky Civil Rights Act, KRS 344, *et seq.*,

which provide, within the statutory scheme, that a violation of the ADA and/or Kentucky's

accessibility standards is a violation of Kentucky law.

Wherefore, plaintiff prays for relief and damages as hereinafter stated.

II.    **SECOND CAUSE OF ACTION FOR DENIAL OF FULL AND EQUAL ACCESS IN VIOLATION OF THE KENTUCKY CIVIL RIGHTS ACT, KRS 344, ET SEQ.**

43. Plaintiff repleads and incorporates by reference as if fully set forth again herein, the allegations contained in paragraphs 1 through 42 of this complaint.

44. At all times relevant to this action, the La Quinta Inn & Suites by Wyndham Louisville NE/Old Henry Rd hotel and the business therein, are "places of public accommodation" pursuant to KRS 344.130.

45. Defendant committed an unlawful act pursuant to KRS 344.120 by denying Plaintiff his full and equal enjoyment of its goods, services, accommodations, advantages, facilities, or privileges at its place of public accommodation because of a disability.

46. Plaintiff has desired and attempted to enjoy the goods and services at the La Quinta Inn & Suites by Wyndham Louisville NE/Old Henry Rd hotel as a customer. He has been prevented from doing so do to the existing architectural barriers at the property. As a result, he has been distressed and inconvenienced thereby, and is entitled to monetary damages for his injuries, as provided for in KRS 344.450.

47. As a result of being denied full access to the property, Plaintiff has suffered, and will continue to suffer, personal injury, emotional distress, humiliation, anxiety, anger, a loss of enjoyment of life, and other consequential and incidental damages.

48. Pursuant to Kentucky law, plaintiff is entitled to compensatory and punitive damages, and attorney fees and costs, in an amount to be determined at trial, but in any event not less than $25,000.00, as well as issuance of an injunction requiring Defendant to allow full and equal enjoyment of its goods, services, facilities, privileges, and advantages to disabled persons.

Wherefore, plaintiff prays for relief and damages as hereinafter stated.

III.    **THIRD CAUSE OF ACTION FOR VIOLATIONS OF THE KENTUCKY CONSUMER PROTECTION ACT**

49. Plaintiff repleads and incorporates by reference as if fully set forth again herein, the allegations contained in paragraphs 1 through 48 of this complaint.

50. By engaging in the course of conduct alleged herein, Defendant engaged in unfair, false, misleading, and/or deceptive acts or practices in the conduct of trade and/or commerce.

51. Mr. Mortland is within the class of people the Kentucky legislature intended to protect with the Kentucky Consumer Protection Act.

52. Defendant made false, unfair, deceptive, or misleading statements and acts to Mr. Mortland, including, but not limited to the following:

29. Advertising on its website the La Quinta Inn & Suites by Wyndham Louisville NE/Old Henry Rd hotel had the following accessible amenities:

a. Accessible Public Entrance;

b. Accessible Route to Accessible Guestrooms;

c. Accessible Route to Accessible Parking; and

d. Accessible van parking.

30. Furthermore, on its website, the La Quinta Inn & Suites by Wyndham Louisville NE/Old Henry Rd hotel advertised that its accessible guestrooms had the following accessible amenities:

a. Accessible Bathroom;

b. Adjustable Height Hand-Held Shower Wand;

c. Roll-In Shower; and

53. Said false, unfair, deceptive and misleading advertising induced Mr. Mortland, a person with a disability who uses a wheelchair, to stay at the La Quinta Inn & Suites by Wyndham

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES - 21

Louisville NE/Old Henry Rd hotel.

54. As a result of the above acts and practices, Defendant has violated the Kentucky Consumer Protection Act, KRS 367.170, *et seq.*

55. As a result of the foregoing deceptive acts and practices, Defendant has caused damages incurred by Mr. Mortland.

56. Mr. Mortland is entitled to consequential and punitive damages, pre-judgment interest and attorney fees under the Kentucky Consumer Protection Act, KRS 367.170, *et seq*.

Wherefore, plaintiff prays for relief and damages as hereinafter stated.

**PRAYER:**

Wherefore, Plaintiff Derek Mortland prays that this court grant relief and damages as follows:

**I.    PRAYER FOR FIRST CAUSE OF ACTION FOR DENIAL OF ACCESS BY A PUBLIC ACCOMMODATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990 (42 U.S.C. §1 2101, et seq.)**

1.    For injunctive relief, compelling Defendant to make La Quinta Inn & Suites by Wyndham Louisville NE/Old Henry Rd hotel, readily accessible to and usable by individuals with disabilities; and to make reasonable modifications in policies, practice, eligibility criteria and procedures so as to afford full access to the goods, services, facilities, privileges, advantages and accommodations being offered.

2.    For attorneys' fees, litigation expenses and costs of suit, if plaintiff is deemed the prevailing party; and

3.    For such other and further relief as the court may deem proper.

II.    **PRAYER FOR SECOND CAUSE OF ACTION FOR DENIAL OF FULL AND EQUAL ACCESS IN VIOLATION OF THE KENTUCKY CIVIL RIGHTS ACT KRS 344, *ET SEQ.***

4.    For injunctive relief, compelling Defendant to make Mainstay Suites, readily accessible to and usable by individuals with disabilities, per state law.

5.    General and compensatory damages according to proof;

6.    All damages for each day, from the inception of the filing of this complaint, on which Defendant have failed to remove barriers which denied plaintiff and other persons with disabilities full and equal access.

7.    Attorneys' fees pursuant to Kentucky law, if plaintiff is deemed the prevailing party;

8.    Punitive damages, pursuant to Kentucky law;

9.    For all costs of suit;

10.    Prejudgment interest pursuant to Kentucky law; and

11.    Such other and further relief as the court may deem just and proper.

III.    **PRAYER FOR THIRD CAUSE OF ACTION FOR VIOLATIONS OF THE KENTUCKY CONSUMER PROTECTION ACT**

12.    For injunctive relief, compelling Defendant to remove all false, unfair, deceptive and misleading advertising from its website and other advertisements for the Mainstay Suites hotel.

13.    General and compensatory damages according to proof;

14.    All damages for each day, from the inception of the filing of this complaint, on which Defendant continues to permit false, unfair, deceptive, and misleading advertising on its website.

15.    Attorneys' fees pursuant to Kentucky law, if plaintiff is deemed the prevailing

party;

16.    Punitive damages, pursuant to Kentucky law;

17.    For all costs of suit;

18.    Prejudgment interest pursuant to Kentucky law; and

19.    Such other and further relief as the court may deem just and proper.

Respectfully submitted,

BLAKEMORE, MEEKER & BOWLER CO., L.P.A.

/s/ *COLIN G. MEEKER*
COLIN G. MEEKER (Ohio Bar No. 0092980)
495 Portage Lakes Dr.
Akron, OH 44319
Office: (330) 253-3337
Cell: (330) 603-7173
Fax: (330) 253-4131
cgm@bmblaw.com

Attorney for Plaintiff Derek Mortland